UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

CARYN A. MCDONAUGH,

        Petitioner,

    -v-                                  No. 05 Civ. 6288(LTS)(DF)

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

        Respondent.

----------------------------------------------------------x

### MEMORANDUM OPINION AND ORDER ADOPTING
### REPORT AND RECOMMENDATION IN PART

        Plaintiff Caryn McDonaugh ("Plaintiff" or "McDonaugh") brought this action

seeking review of a final determination of the Defendant, the Commissioner of Social Security

("Defendant" or "Commissioner"), denying Plaintiff a period of disability and disability

insurance benefits under 42 U.S.C. §§ 416(i) and 423(d).  On July 6, 2009, Magistrate Judge

Debra Freeman issued a Report and Recommendation (the "Report") (docket entry no. 18)

recommending that Defendant's Motion for Judgment on the Pleadings (docket entry no. 17)

pursuant to Rule 12(c) of the Federal Rules of Civil Procedure be granted and that Plaintiff's

Cross-Motion for Judgment on the Pleadings (docket entry no. 12) be denied.  Plaintiff filed a

timely Notice of Objections to the Report (docket entry no. 19) on July 10, 2009.  Defendant

filed a Response to Plaintiff's Objections (docket entry no. 20) on July 27, 2009.  The Court has

reviewed thoroughly the Report, Plaintiff's Objections to the Report, and Defendant's Response.

The Court has also reviewed thoroughly the certified copy of the administrative record in this

case filed by Defendant (the "Record").

BACKGROUND

The Report contains a comprehensive summary of the record below and familiarity with that summary is assumed.  In addition, the following aspect of the procedural history is relevant to the Court's decision.  In the ALJ's findings in the 2002 decision, ALJ Reap stated that "[u]sing Medical-Vocational Rule 201.29 as a framework for decision-making," there are jobs available in the national economy that Plaintiff can perform.  Record at 28.

DISCUSSION

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C.A. § 636(b)(1) (West 2009).  The Court reviews the Report strictly for clear error where no objection has been made and will make a de novo determination regarding those parts of the Report to which objections have been made. Pearson-Fraser v. Bell Atlantic, No. 01 Civ. 2343, 2003 WL 43367 (WK), at *1 (S.D.N.Y. Jan. 6, 2003) (internal citations and quotation marks omitted).  However, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate's recommendations."  Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466 (LTS)(JTF), at *1 (S.D.N.Y. Sept. 30, 2002).  Further, the objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal."  Molefe v. KLM Royal Dutch Airlines, 602 F.Supp.2d 485, 487 (S.D.N.Y. 2009).

The Court reviews the administrative record to determine if the Commissioner's decision is supported by substantial evidence in the record and is free from legal error. Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998).

Plaintiff's Objections

Plaintiff's first objection to the Report is that the Report "fails to assess whether or not Plaintiff can sustain work." Docket entry no. 19 at 1. Plaintiff specifically objects to the conclusion that she could perform work-related activities eight hours per day, five days per week, and she objects to the Report's characterization of Dr. Bernanke's testimony. *Id.* at 1-2. Plaintiff also argues that the Report does not adequately consider Social Security Ruling ("SSR") 83-12. *Id.* at 2.

Insofar as Plaintiff objects to the weight that the ALJ assigned to the opinion of Dr. Gair, Plaintiff does not raise a new argument and thus is not entitled to de novo review on the basis of this objection. Molefe, 602 F.Supp.2d at 487. The Court finds no clear error in Judge Freeman's conclusion that the ALJ was permitted to assign less weight to the opinion of Dr. Gair, the treating physician, than to the opinions of the other medical experts. See, e.g. Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004). Further, ALJ Reap specifically noted what evidence was inconsistent with Dr. Gair's opinion in applying the treating physician rule. Record at 23-25. This is sufficient to support the assignment of less weight to Dr. Gair's opinion. Encarnacion v. Astrue, No. 06 Civ. 6323 (HBP), 2009 WL 2842737, at *14 (S.D.N.Y. Sept. 1, 2009).

The Court recognizes that "a claimant need not be an invalid to be found disabled." Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998) (citing Williams v. Bowen, 859

F.2d 255, 260 (2d Cir. 1988)).  However, multiple medical experts opined that Plaintiff had the

capacity to carry out sedentary work for an eight-hour day, five days per week.  ALJ Reap

discussed the opinions of Dr. Lathan, Dr. Ha, Dr. Wells, Dr. Maguire, and Dr. Bernanke, as well

as Plaintiff's accounts of her daily activities.  Record at 23-25.  The Court finds that this amounts

to substantial evidence that Plaintiff had the capacity to meet the demands of sedentary work.

See Foxman v. Barnhart, 157 Fed. App'x 344, 345-46 (2d Cir. 2005) (defining substantial

evidence as "evidence that a reasonable mind might accept as adequate to support the conclusion

reached").  The Court must uphold the ALJ's determination if it is supported by substantial

evidence, even though contrary evidence may exist in the record.  Mitchell v. Astrue, No. 07 Civ.

285 (JSR), 2009 WL 3096717 at *14 (S.D.N.Y. Sept. 28, 2009).

        The Court has thoroughly reviewed the testimony of Dr. Bernanke at the 1997

hearing before ALJ Reap and finds that his expert medical opinion supports the ALJ's findings.

Record at 473-481.  Dr. Bernanke stated that he believed Plaintiff "had some limitation with

respect to sitting[,]" that Plaintiff could lift ten pounds during the period in question, that

Plaintiff would have had "some limitations" on standing and walking, and that "it would have

been difficulty [sic] in sitting for prolonged periods of ... time."  Record at 480.  This opinion

supports the finding that Plaintiff was capable of some sustained work activity during the period

of claimed disability.

        Substantial evidence supports the ALJ's finding that Plaintiff had the Residual

Functional Capacity to perform sedentary work.  20 C.F.R. 404.1545, 404.1567(a) (describing

sedentary work).  In the step five determination, the Commissioner may rely on the Medical-

Vocational Guidelines (the "grid") to make a finding of disability or non-disability based on

factors including a claimant's age, prior work experience, and education, but the existence of non-exertional as well as exertional impairments may make strict reliance on the grid impermissible.  Jordan v. Commissioner of Social Sec., 194 Fed. App'x 59, 61 (2d Cir. 2006). In a situation in which there is medical evidence to support a residual functional capacity that suggests a claimant can perform either sedentary or light work, SSR 83-12 recognizes that the individual's further restriction of needing to alternate sitting and standing may limit jobs actually available to the claimant.  Soc. Sec. Rul. 83-12 (1983).

ALJ Reap's decision does not conflict with SSR 83-12 because he considered the testimony of a vocational expert in determining whether or not jobs existed for Plaintiff.  SSR 83-12 does not mandate a finding of disability; rather, the Ruling provides that, in the event an individual needs to alternate standing and sitting, a vocational expert should be consulted to specify what jobs are available given this limitation.  Ms. Leopold, a vocational expert, testified about what jobs are available for Plaintiff.  Record at 481-90.  She identified jobs available in the national economy for a person of Plaintiff's age, work experience, and education under two different exertional situations.  First, the vocational expert identified jobs for a person who could do sedentary work, sitting six hours, standing two hours, and lifting ten pounds occasionally and five pounds regularly.  Second, the vocational expert identified jobs for a person who could sit for four hours and stand for four hours with a stand-sit option, and who had the same lifting limitations as the first hypothetical.  This satisfies the requirements of SSR 83-12, and the testimony of Ms. Leopold constitutes substantial evidence that there are jobs available in significant numbers that Plaintiff is able to perform given her Residual Functional Capacity.  See Dumas v. Schweiker, 712 F.2d 1545, 1553 (2d Cir. 1983).

The use of the grid in Plaintiff's situation does not require a remand, because the ALJ's decision that jobs existed for Plaintiff is supported by substantial record evidence and is not based primarily on the grid.  See Otts v. Commissioner of Social Sec., 249 Fed. App'x 887, 890 (2d Cir. 2007) (finding an inquiry into reliance on the grid unnecessary when the vocational expert's testimony was sufficient to support affirmance).  Additionally, the ALJ was permitted to use the grid as a non-exclusive framework for decision-making.  20 C.F.R, Pt. 404, Subpt. P, App. 2 § 200.00(e)(2) (2009).  See Bapp v. Bowen, 802 F.2d 601, 605 (2d Cir. 1986).

Plaintiff's second objection is to the Commissioner's treatment of her visual impairment.  Plaintiff alleges that the Report and Recommendation should be modified to consider the Social Security Ruling entitled "Evaluating Visual Field Loss Using Automated Static Threshold Perimetry," SSR 07-01p, effective July 31, 2007.  Plaintiff also challenges the recommendation of affirmation of the ALJ's decision to deny benefits based on a grid rule despite Plaintiff's visual impairments.

The Court has reviewed the medical opinions in the record relevant to Plaintiff's visual impairments.  The relevant period for the determination of disability is April 1, 1996, through December 31, 1996.  Record at 16.  Dr. Matusow's February 26, 1996, report is the evidence that dates most closely to this period.  Record at 215-18.  Dr. Matusow performed visual fields, which he found to be "within normal limits."  Record at 216.  SSR 07-01p applies to visual field losses, which Dr. Matusow did not find during the relevant period.

Plaintiff does not appear to object to the step two determination that her visual impairments were not "severe."  The ALJ's determination of the extent of the non-exertional limitation of visual impairment under 20 C.F.R. 416.969a(c)(iv) is supported by substantial

evidence. The ALJ found that Plaintiff had a "medically determinable myopic disorder" that was correctable with glasses and contact lenses. Record at 19. Additionally, Plaintiff's attorney questioned the vocational expert about the effect of Plaintiff's difficulty seeing on jobs available to her, and the vocational expert testified that Plaintiff could perform the jobs described with corrective lenses. Record at 488. There is substantial record evidence to support the ALJ's treatment of Plaintiff's visual impairment as not mandating a finding that Plaintiff could not perform sedentary work.

The Court has also reviewed the portions of Judge Freeman's well-reasoned Report and Recommendation to which Plaintiff has not objected and finds no clear error. Accordingly, the Court adopts Judge Freeman's Report and Recommendation except as to the finding that the ALJ was "entitled to rely on the grid." Report at 41. The Court finds that the ALJ was permitted to use the grid as a "framework for decisionmaking." Jordan, 194 Fed. App'x at 62. The ALJ's decision that Plaintiff has the Residual Functional Capacity to perform sedentary work and that jobs exist in significant number in the national economy that Plaintiff can perform is supported by substantial evidence, and, accordingly, for that reason and the reasons stated in the Report, Plaintiff's motion is denied, Defendant's motion is granted, and the Clerk of Court is respectfully requested to enter judgment in favor of Defendant and terminate this case.

SO ORDERED.

Dated: New York, New York
December 2 , 2009

LAURA TAYLOR SWAIN
United States District Judge

MCDONAUGH R&R 1DEC.WPD        VERSION 12/1/09                                        7